## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARCUS PONDER,

        **Petitioner,**

vs.                                    **No. CIV 99-1490 JC/LCS**

DONALD DORSEY,

        **Respondent.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed March 20, 2000 *(Doc. 14)*.  For the reasons stated, I propose finding that the motion is well taken in part and recommend that it be granted in part.

Proposed Findings

1.      Petitioner Marcus Ponder is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.  Petitioner is confined pursuant to two Judgments and Sentences of the Fifth Judicial District Court for the County of Lea, State of New Mexico, each dated December 2, 1998 ("Judgment and Sentence"). In the first Judgment and Sentence, entered in Cause Number CR96-349FR, Petitioner was convicted of Possession of a Controlled Substance, Cocaine and being a habitual offender with two prior convictions.  *See* Exhibit B to Respondents' Answer *(Doc. 9).*  Petitioner was sentenced to eighteen months imprisonment, enhanced by four years as a habitual offender, to be followed by one year parole.  *See id.*  Petitioner was allowed one year and 111 days of pre-sentence confinement credit on that sentence.  *See id.*

2.      By the second Judgment and Sentence (Cause Number CR98-162FR), Petitioner

was convicted of battery upon a peace officer and being a habitual offender with two prior

convictions.  *See* Ex. A to Answer *(Doc. 9)*.  On that charge, Petitioner was also sentenced to

eighteen months imprisonment, enhanced by four years as a habitual offender and followed by one

year parole.  *See id.*  Petitioner was allowed 220 days of pre-sentence confinement credit on that

sentence.  *See id.*  The sentences in CR98-162FR and CR96-349FR were to run concurrently.

*See id.*

3.      Petitioner did not appeal either of the convictions or sentences.  Instead, Petitioner

filed a Petition for Writ of *Habeas Corpus* with the Fifth Judicial District Court on October 22,

1999.  *See* Ex. C to Answer.  The state court petition was summarily denied on November 1,

1999 without the state court addressing the merits of the petition.  *See* Ex. F to Answer.

Likewise, Petitioner's application for writ of *certiorari* on the state *habeas corpus* petition was

denied by the New Mexico Supreme Court without an opinion on December 3, 1999.

4.      Because Petitioner failed to appeal either of his convictions or sentences, there is a

question as to whether Petitioner has committed a procedural default.  The district court may

raise the issue of procedural default *sua sponte* if doing so furthers the interests of judicial

efficiency and prompt administration of justice.  *See Duvall v. Reynolds*, 139 F.3d 768, 796 n.11

(10th Cir. 1998); *United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994).  Because neither

party has briefed this issue, the Court will order supplemental briefing on the question of whether

Petitioner has defaulted his claims by failing to raise them on direct appeal.

5.      Petitioner raises six claims in his Petition for Writ of Habeas Corpus:

> 1) Petitioner was coerced into pleading "no contest" by Lt. Allen and Rick
> Romero and due to lockdowns before trial;

2) An uncounseled misdemeanor conviction in Georgia was used to enhance his sentence;

3) Petitioner's right to a speedy trial was violated;

4) Petitioner was punished twice for the same offense;

5) Petitioner received insufficient credit for pre-sentence confinement; and

6) Petitioner was sentenced in the name of Lenwick Ponder, his brother.

6.      Petitioner admits that he pled no contest to the charges of possession of a controlled substance and battery upon a peace officer.  During the plea colloquy of December 2, 1998, Petitioner was asked by the district court judge in open court whether anyone had threatened him in any way to get him to enter the pleas, and Petitioner answered in the negative. *See* Record of 12/2/98 plea hearing (auidiotape).  Petitioner does not make specific allegations in his Petition or elsewhere as to how he was coerced.  In particular, he does not allege that anyone promised him fewer lockdowns, less prison time, or any other benefits in exchange to pleading guilty.  Where a petitioner fails to allege specific facts that would support his contention that a plea is coerced, and where a petitioner's claim is directly refuted by his representation at a plea hearing, the petitioner's claim is subject to summary dismissal.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Therefore, I propose finding that Petitioner's first claim should be dismissed.

7.      Petitioner alleges that a 1989 conviction in the Superior Court of Clayton County, Georgia was improperly used to enhance his sentence.  Petitioner claims that the conviction was for misdemeanor attempted shoplifting, and that he was not represented by counsel at the time of his conviction.  On its face, the Final Disposition attached as an exhibit to the Petition disproves part of Petitioner's claim: the conviction is clearly for felony shoplifting, not misdemeanor

attempted shoplifting.  *See* Final Disposition, attached to Petition *(Doc. 1)*, filed Dec. 22, 1999.

However, the Final Disposition is not clear on whether Petitioner was represented by counsel, as

the name of counsel is not inserted in the appropriate blank.  A state may not enhance a sentence

based on a prior uncounseled conviction.  *See Parke v. Raley*, 506 U.S. 20, 27 (1992).  Petitioner

claims in his Motion for Order for Free Copies *(Doc. 19)* that he cannot obtain the documents

from the state court due to his poverty. I find that Respondent should supplement the record to

provide any documents from the Georgia state court that can resolve this issue.  An order to that

effect will be issued contemporaneously with the entry of these proposed findings and

recommended disposition.

8.      Petitioner alleges that his right to a speedy trial was violated due to lengthy pretrial

delays.  Because Petitioner pled guilty, Petitioner has waived his rights to a jury trial and all

nonjurisdictional defenses to the charges.  *See United States v. Hickock*, 907 F.2d 983, 985 (10th

Cir. 1990).  Furthermore, the state court previously addressed this issue and denied it as having

no merit.  *See* Record Proper at 91. The record reveals that Petitioner's counsel requested

extensions of time to prepare his case for trial, and that the delays were due in part to

substitutions of his counsel that were made necessary because of irreconcilable differences that

arose between Petitioner and his counsel.  *See* Record Proper at 64, 76.  I propose finding that the

state court's decision that Petitioner's speedy trial rights were not violated was not based on an

unreasonable determination of facts, nor did it involve an unreasonable interpretation of clearly

established Federal law.

9.      Petitioner alleges that he was punished twice for the same offense, or alternatively

was subjected to cruel and unusual punishment, because of the four year enhancement of his

sentence under the habitual offender statute.  An enhanced sentence based on a supplemental

criminal information charging prior felony convictions does not violate a defendant's right to be

free from double jeopardy.  *See Monge v. California*, 524 U.S. 721, 728 (1998).  Similarly, an

enhanced sentence for recidivists does not constitute cruel and unusual punishment.  *See Parke v.*

*Raley*, 506 U.S. at 27.  I propose finding that this claim has no merit on its face.

10.     Petitioner alleges that he received insufficient credit for pre-sentence confinement.

Respondent agrees that the pre-sentence confinement credit allowed in cause number CR98-162,

i.e., 220 days, appears to be ten days short of the actual pre-sentence confinement period of 230

days.  However, Respondent claims that Petitioner does not suffer any prejudice from this error

because Petitioner was allowed three extra days of pre-sentence confinement credit on cause

number CR96-349.  Because it appears that the sentence in CR98-162 will continue to run after

Petitioner has completed his sentence in CR96-349, the Court cannot conclude that there will be

no prejudice from this error.  Therefore, I propose finding that this claim should not be dismissed

at this time.

11.     Petitioner's final claim, that he was sentenced in the name of his brother Lenwick

Ponder, has no merit.  Petitioner does not deny that when he was arrested on October 25, 1996,

he falsely identified himself as his brother, Lenwick Ponder.  He also admits that the previous

convictions used to enhance his sentence were, in fact, his convictions and not his brother's.

Although the state court sometimes used the caption "Lenwick Ponder, aka Marcus Ponder"

instead of "Marcus Ponder, aka Lenwick Ponder," I cannot see how this technical error could

constitute any violation of Petitioner's rights.  Any confusion was caused by Petitioner who

falsely identified himself upon his arrest.

Recommended Disposition

I recommend that Respondents' Motion to Dismiss be granted in part.  I recommend that Petitioner's claims that his guilty plea was coerced, that his right to a speedy trial was violated, that he was punished twice for the same offense, and that he was sentenced in the name of his brother be dismissed.  Petitioner's remaining claims that an uncounseled conviction in Georgia was used to enhance his sentence and that he received insufficient credit for pre-sentence confinement remain at this time, subject to supplemental briefing to be ordered contemporaneously.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-1490 pfd