IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARCUS PONDER,**

    **Petitioner,**

**vs.**                                                                                        **No. CIV 99-1490 JC/LCS**

**DONALD DORSEY,**

    **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner's Application for a Writ of Habeas Corpus *(Doc. 1)* and Respondent's Motion to Dismiss *(Doc. 14)*, filed March 20, 2000. On June 26, 2000, the United States Magistrate Judge proposed dismissing four of Petitioner's six claims, and ordered supplemental briefing on the issues of whether Petitioner procedurally defaulted his claims by failing to raise them on direct appeal and whether Petitioner's habitual offender sentence was imposed based in part on an uncounseled 1989 Georgia conviction. Respondent filed a supplemental brief on July 19, 2000, and Petitioner filed two supplemental replies, on July 27, 2000 and August 4, 2000. The United States Magistrate Judge has considered the Petition, Respondent's Motion to Dismiss, the memoranda of the parties and supplemental briefs, and the relevant law. I propose finding that Petitioner freely and voluntarily waived his right to counsel during the proceedings that led to his 1989 Georgia conviction by choosing to represent himself after counsel was appointed for him by the court. Therefore, I propose finding that Petitioner's claim that his habitual offender sentence was based on an uncounseled conviction is without merit and should be dismissed.

However, I propose finding that Petitioner received ineffective assistance of counsel when his counsel failed to insure that he received the correct amount of presentence confinement credit for his conviction in cause number CR98-162FR.  Therefore, I recommend that a writ of habeas corpus should be issued ninety (90) days after entry of an order by the Court adopting these proposed findings and recommended disposition unless prior to that date an amended judgment and sentence is entered that provides Petitioner with an additional ten days of presentence confinement credit in cause number CR98-162FR.

PROPOSED FINDINGS

1.	Petitioner was found guilty of one count of theft by shoplifting, a felony, on January 20, 1989 and was sentenced to five years of probation by the Superior Court of Clayton County, Georgia.  In that proceeding, the court originally appointed an attorney, Jerry L. Patrick, to represent Mr. Ponder.  However, Mr. Ponder wanted to represent himself at trial.  After the court appropriately cautioned Mr. Ponder on the importance of having an attorney, the court allowed him to proceed *pro se*.

2.	Petitioner presents no reason for the Court to believe that his decision to represent himself was involuntary.  Therefore, I propose finding that Petitioner waived his Sixth Amendment right to counsel when he made a voluntary choice to represent himself at the trial that resulted in his 1989 conviction even though counsel had already been appointed for him.

3.	A prior uncounseled conviction in which a defendant waives his right to counsel is a valid conviction which may be used to enhance the defendant's sentence after a subsequent conviction.  *See United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996).  Because Petitioner

waived his right to counsel in his 1989 conviction, the fact that he proceeded *pro se* at the trial in that matter does not prevent that conviction from being used to enhance his sentence for subsequent convictions.

4. Petitioner presents no other meritorious reason for challenging the 1989 felony conviction. Therefore, that conviction is presumed valid for the purposes of enhancing his sentence. *See Parke v. Raley*, 506 U.S. 20, 30-31 (1992).

5. Under New Mexico law, Petitioner waived his right to appeal on the issue of whether his sentence was based on an uncounseled conviction when he did not raise that issue on direct appeal. *See State v. Nunez*, 2 P.3d 264, 289 (N.M. 1999). Because New Mexico courts would not entertain his appeal based on adequate and independent state procedural grounds, Petitioner has procedurally defaulted on that claim. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner has failed to establish either cause or prejudice for failing to appeal, or that a fundamental miscarriage of justice would result if he were not allowed to raise this issue. Therefore, I propose finding that Petitioner's claim relating to his alleged uncounseled conviction is procedurally defaulted as well as meritless.

6. The parties are in agreement that Petitioner's claim that he was not provided the correct amount of presentence confinement credit is not procedurally barred. Therefore, it is appropriate to consider that claim on its merits.

7. Petitioner received presentence confinement credit of 220 days in cause number CR98-162FR. However, Petitioner was confined for 230 days from the date of the incident in that cause until sentencing.

8.      Respondent admits that 220 days of presentence confinement credit appears to be a miscalculation if Petitioner was "confined" on charge CR98-162FR prior to sentencing and therefore entitled to presentence confinement credit on that charge.  Respondent argues that Petitioner was not entitled to any presentence confinement credit on CR98-162FR because he was already confined in the jail awaiting trial on another charge, CR96-349FR, during that entire period.

9.      Petitioner's sentence in CR98-162FR was the result of a plea bargain, in which Defendant pled no contest in exchange for, *inter alia*, presentence confinement credit being awarded on both CR96-349FR and CR98-162FR.  Judge Francouer specifically provided in his sentence for presentence confinement credit to be awarded against both sentences.  Thus, I propose finding that it was the intent of the sentencing judge that Petitioner receive presentence confinement credit in cause CR98-162FR beginning on the date of the incident that gave rise to CR98-162FR and the date of sentencing.

10.     I propose finding that the 220 days of presentence confinement credit contained in the Judgment, Sentence and Commitment in CR98-162FR is a miscalculation.  The correct amount of presentence confinement credit should be 230 days.

11.     I propose finding that a reasonably competent defense attorney would have noticed the error, brought it to the sentencing judge's attention, and moved to have it corrected.  I further propose finding that there is a strong likelihood that the sentencing judge would have corrected the error had it been raised.  Therefore, I find that Petitioner has satisfied the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for establishing ineffective assistance of counsel.

4

12. Because Petitioner has established constitutional ineffective assistance of counsel, he is entitled to *habeas corpus* relief to insure that his sentence on CR98-162FR is corrected to reflect ten additional days of presentence confinement credit.

RECOMMENDED DISPOSITION

I recommend that Petitioner's claim that his sentence was enhanced based on an uncounseled conviction be dismissed with prejudice. I further recommend that a writ of habeas corpus should be issued ninety (90) days after entry of an order by the Court adopting these proposed findings and recommended disposition unless prior to that date an amended judgment and sentence is entered that provides Petitioner with an additional ten days of presentence confinement credit in cause number CR98-162FR. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-1490 pfd2.wpd